## Charles Macomber v. Loren D. Saxton.

*Chattel mortgages : Mortgagor's interest : Execution : Possession : Replevin.* A mortgagee of chattels cannot maintain replevin against an officer who has taken the goods from the possession of the mortgagor before foreclosure, under an execution against him, notwithstanding the mortgage is past due and unpaid, so long as the officer is proceeding in due course under the statute to a sale of the mortgagor's interest.—*Cary v. Hewitt, 26 Mich., 228.*

*Replevin : Stipulation : Special interest : Admissions.* A stipulation in such a suit, that if the court should find the defendant was lawfully entitled to the possession by virtue of the levy, judgment should be rendered for the defendant for a specified sum, is an admission of record that is conclusive and supersedes all inquiry into the value of the defendant's interest, and precludes the plaintiff from claiming that defendant's right was one possessing only a nominal value.

*Practice : Errors that work no prejudice.* In such a suit, submitted upon agreed facts and under such a stipulation, the omission of the court below to respond to propositions of law submitted for special findings under rule 87, worked no prejudice to the plaintiff, as upon the facts the right of possession was lawfully in defendant, and consequently under the stipulation no other judgment than that agreed upon could be rendered.

*Heard January 9. Decided January 13.*

Error to Ionia Circuit.

*Lemuel Clute,* for plaintiff in error.

*Bell & Hutchinson,* for defendant in error.

GRAVES, CH. J.

Macomber held a chattel mortgage, given to him by one Hewing, on a stock of goods. The mortgage fell due, but Macomber suffered the mortgagor to continue in possession. Saxton was a deputy sheriff, and executions were put into his hands against Hewing, the mortgagor, for collection. He seized the mortgaged goods upon the executions, and Macomber at once dispossessed him through a writ of replevin, by which this suit was commenced. The suit was tried by the court upon an agreed statement of facts, and it was expressly stipulated that if the court should find that Saxton was lawfully entitled to the possession by virtue of the levy, and the plaintiff not entitled, that then judgment should be given for Saxton for three hundred and ninety-one dollars and thirty-nine cents.

Macomber presented certain points of law under rule eighty-seven to be passed on by the court. The court omitted to make any response to these points, and simply awarded judgment in favor of Saxton for the sum expressed in the stipulation. Macomber then sued out a writ of error.

The record is peculiar. The objections relate to supposed findings and omissions to find by the court, and to the giving of judgment for three hundred and ninety-one dollars and thirty-nine cents for the defendant. It does not appear that any request was preferred for a finding of facts, and the only objection or exception appearing in the record is contained in what is called a bill of exceptions.

This document sets forth the agreed statement of facts, a copy of the chattel mortgage and of a note which accompanied it, the propositions of law submitted by the plaintiff, and the judgment given. It then contains this passage: "To which judgment of the court counsel for the plaintiff did duly except." And no other objection or exception anywhere appears.

We think that *Cary v. Hewitt, 26 Mich., 228,* is a direct authority that Saxton was entitled to the possession as

against Macomber when the suit was commenced, and that being so, the stipulation of the parties was conclusive as to the judgment to be given. It was an admission of record. It superseded all inquiry into the value of the interest to which the levies attached, and precluded the plaintiff from contending that Saxton's right was one possessing only a nominal value.

The omission of the court to respond to the propositions of law submitted worked no prejudice to the plaintiff. As upon the agreed facts the defendant was entitled to have the law found in his favor touching the right of possession at the commencement of the suit, and as the agreed consequence of such a finding was regular in law and was carried out in the judgment, we discover no grounds for disturbing the proceedings.

The judgment should be affirmed, with costs.

COOLEY and CAMPBELL, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.