## D. T. Baldwin v. Adeline Talbot.

*Delay in advertising execution sale—Levy upon entirety of mortgaged property.*

Where a constable has levied execution under a justice's judgment, the rights acquired by the levy are not lost by his delay in advertising the sale of the property taken, if requested not to do so by a mortgagee who intends to replevy it, or by some one authorized to represent the mortgagee.

Delay in giving notice of an execution sale is prejudicial to the execution debtor if to any one, and may be such as to entitle him to apply for *mandamus* to compel the officer to proceed.

Where a constable levies a justice's execution upon mortgaged property, he must levy on the whole and sell it in one parcel subject to the mortgage; and if he does not find it all together, he must have time after levying on part to find and levy on the remainder, if within his bailiwick.

Error to Cass.   Submitted April 6.   Decided April 13.

Replevin.   Defendant brings error.   Reversed.

*M. A. Thompson* for plaintiff in error.   An execution sale of mortgaged chattels must cover the whole property subject to the mortgage:   *Worthington v. Hanna* 23 Mich. 530; *Harvey v. McAdams* 32 Mich. 477; notice of execution sale is for the benefit of the debtor, who may waive the statutory requirement of notice:   *Munger v. Fletcher* 2 Vt. 524; *Shamburger v. Kennedy* 1 Dev. 1; failure to give the statutory notice of an execution sale will not invalidate it as against any purchaser who is not in fault:   *Hobein v. Murphy* 20 Mo. 447; *Curd v. Lackland* 49 Mo. 451; *Wallace v. Trustees* 52 Ga. 164; *Wade v. Saunders* 10 N. C. 270; *Hanks v. Neal* 44 Miss. 212; *Thulemeyer v. Jones* 37

Tex. 560; *Osgood v. Blackmore* 59 Ill. 261; *Meanor v. Hamilton* 27 Penn. St. 137; *Whitaker v. Sumner* 7 Pick. 551; *White v. Cronkhite* 35 Ind. 483; non-compliance by the sheriff with the statutory requirements in regard to the levy, advertisement of sale and sale of real estate is a mere irregularity which is waived if not complained of in good time: *Spafford v. Beach* 2 Doug. (Mich.) 150.

*L. Burget Des Voignes* for defendant in error.

MARSTON, C. J. We are of opinion that the court erred in the instructions given as to the delay of the constable in giving notice of sale under his execution.

An execution was issued by a justice of the peace and delivered to Baldwin, a constable, who on the 26th day of August, 1879, levied upon certain chattels as the property of the execution debtor C. Robert Talbot. It appeared upon the trial that the property levied upon with other property had previous to the levy been mortgaged by the execution debtor to his mother, the defendant in error. That on the day after the levy one Taylor, acting as her agent, made demand of the constable for the goods and chattels levied upon, and upon refusal to deliver, he on the 30th day of August sued out a writ of replevin, which was the commencement of the present action, and under which the property was taken by the sheriff on the second day of September following.

Several questions were raised on the trial. We shall, however, notice but one. The court in substance instructed the jury that the statute required the constable to immediately give public notice by advertisement of a sale under his execution levy; that "immediately" as used in the statute meant that he must use due diligence and give such notice as soon as he reasonably could under all the circumstances, and left the question to the jury as to whether the constable had proceeded with all due diligence.

The constable, to excuse the delay, showed that property other than what he levied upon was embraced in the mortgage, and that a portion of the same was within his

bailiwick, and that he was endeavoring to find the same; also, that he delayed giving notice because of a conversation with Talbot, the execution debtor, who requested him not to give the notice and thus save expense, as the property would certainly be replevied by the mortgagee. The court had serious doubt as to the admissibility of the conversations between Talbot, the mortgagor, and the constable, as it was not shown that Talbot had authority to speak for the mortgagee.

We are of opinion that there was evidence tending to show that the constable had reason to believe that Mr. Talbot did represent his mother on that occasion. In so far as the rights of the execution creditor are concerned, if the constable had good reason to believe, and did believe, that Talbot did have authority to request delay, and that time was given in consequence thereof, the rights acquired under the levy would not be lost. There was, however, another good reason for the delay in this case. In so far as the mortgaged property was within the jurisdiction of the officer it was his duty to levy on the whole thereof and sell it in one parcel or lot subject to the mortgage, and after levying on a part thereof, a reasonable time must be given him to find the rest of the mortgaged property. As already intimated it is the execution debtor who is prejudiced by the delay if any one. The constable may willfully or negligently fail to perform his duty, and the circumstances may be such that the execution debtor would have a right to apply to a court of competent jurisdiction to compel the officer to proceed and execute his writ. We are not prepared to say that a failure by the officer for even an unreasonable time, to give the notice required by the statute, would operate to release the property levied upon, or enable a mortgagee thereof to obtain possession in an action of replevin. At all events, under the evidence we are of opinion the jury were not correctly instructed upon this part of the case.

The judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.