### JOHN LAING v. ALBERT O. PERROTT.

*Chattel mortgage—Illegal use of goods—Seizure by mortgagee.*

Where a chattel mortgage gave the mortgagee a right of possession in case of any actual or attempted sale, assignment, disposal, or removal of the whole or any part of the property, a sale of a portion in payment of an existing debt is such a violation of the condition as authorizes the mortgagee to seize the goods.

Such a sale is not in the ordinary course of business, and would violate the rights of the mortgagee, even in case sales in the usual course were contemplated as permissible.

Error to Bay.  Submitted Apr. 19.  Decided Apr. 25.

TROVER.  Plaintiff brings error.  Reversed.

*Shepard, Lyon & Clark* for appellant.  The mortgagee of chattels has sufficient property to entitle him to take possession as against the mortgager and those claiming under him as well as against strangers to the title:  *Grove v. Wise* 39 Mich. 161;  *Haynes v. Leppig* 40 Mich. 602;  *Eggleston v. Mundy* 4 Mich. 295.

*Holmes, Collins & Stoddard* for appellee.  A chattel mortgage is a security merely; the legal title and the right

of possession remain in the mortgager : *Lucking v. Wesson* 25 Mich. 443; *Cary v. Hewitt* 26 Mich. 228; *Baxter v. Spencer* 33 Mich. 325; *Kohl v. Lynn* 34 Mich. 360; *People v. Bristol* 35 Mich. 28; *Gardner v. Matteson* 38 Mich. 200; *Haynes v. Leppig* 40 Mich. 602; *Brink v. Freoff* id. 610; *Cadwell v. Pray* 41 Mich. 307; even if the mortgage did transfer the legal title, the mortgagee would have no right to possession until he was entitled to claim a forfeiture: *Hall v. Sampson* 35 N. Y. 275; and even when there has been a breach of condition, the right to take possession is at most optional, and the mortgagee cannot maintain either trover or replevin until he has exercised that option : *Cadwell v. Pray* 41 Mich. 307.

CAMPBELL, J.   Laing, as mortgagee from one Lewis Berger, sued Perrott in trover for the conversion of part of the goods mortgaged, by seizure and sale of them specifically and separate from the entire stock, under execution against Berger.

It has been uniformly held that such a levy and sale cannot be justified.   But the question chiefly disputed here is as to the proper form of action.   The court below held that trover could only lie where plaintiff had a possessory right, and that in this case there was no such right, because the mortgage was not due when the property was sold, and the mortgagee had no right to assume possession until then, unless one of the conditions of retaining the property should have been broken.

The mortgage was made on a stock of goods in a store, and was in the usual form, recognizing the business as existing.   There was no agreement that the mortgagor should retain possession, but there was a condition, such as is very common in such forms, that if the mortgagor should " sell, assign, or dispose of, or attempt to sell, assign, or dispose of, the whole or any part of the said goods or chattels, or remove or attempt to remove the whole or any part thereof from the said city of Bay City without the written assent of the party of the second part," he might take possession and dispose of the property.

·There was evidence that previous to the levy and without such assent of the mortgagee, Berger had used a considerable amount of goods to pay an existing debt of $109.

Whatever may have been the right of the mortgagor to make sales in the ordinary course of retail business, and to keep possession while doing so—upon which we need not express any opinion—it is very clear to us that a sale of such an amount not for pay but to apply on a debt is not such a sale as he could lawfully make, and was a distinct violation of the condition, which gave the mortgagee a right of possession. If he could make such a disposition he might easily strip the mortgagee of his whole security. Sales in the ordinary way would give an equivalent and aid in raising money to pay the mortgage, but dispositions which brought in no equivalent would destroy the security and have no tendency to help the mortgagor to funds.

As the court below ruled otherwise the judgment must be reversed with costs and a new trial ordered

COOLEY and MARSTON, JJ. concurred.