JAMES D. SMITH ET AL. v. MENOMINEE CIRCUIT JUDGE.

*Garnishment—Disturbance of mortgagee's possession.*

1. The right of a mortgagee of chattels to take them into his own possession is part of his security, and a contract right ; and nothing afterwards done by or against the mortgager can affect it.

2. The possession of a mortgagee of chattels cannot ordinarily be disturbed by garnishment process for the sake of reaching a surplus after the lien is satisfied ; and the receiver provided for by How. Stat. § 8065 can, at most, exercise no greater power over such chattels than a sheriff could in levying execution.

3. A judgment creditor can sell, on execution, the debtor's interest in chattels mortgaged by him, and can take temporary possession of such chattels for the purpose of a levy, when they are in the mortgagee's hands. But the levy must be subordinate to the mortgagee's right, and if sale is made without first paying off the mortgage, it must be a sale of the goods in gross, subject to the mortgagee's lien.

4. The receiver provided for in garnishment proceedings to take possession of chattels mortgaged by the principal debtor but in the hands of the mortgagee (How. Stat. § 8065) may properly be empowered to examine and inventory the property for the purposes of an intelligent sale; but he must give bond and all his proceedings must be at the expense of the fund realized on the sale, and not at that of the mortgagee. And no sale can be made unless more than the mortgage secures can be realized, and if made at all, it must be a sale in gross, subject to the mortgage lien, and not a sale in parcels.

Mandamus.    Applied for April 23.    Granted April 30.

*B. J. Brown* for relator. How. Stat. § 8065 does not contemplate divesting a mortgagee's possession for the benefit of the plaintiff in garnishment : *Patten v. Accessory Transit Co.* 4 Abb. Pr. 237 ; see also *Quin v. Brittain* 1 Hoff. Ch. 354 ; *Rowe v. Wood* 1 Jac. & W. 315 ; *Berney v. Sewell* id. 628 ; a receiver must always give security, and it will not be dispensed with even by consent : *Tylee v. Tylee* 17 Beav. 583 ; *Manners v. Furze* 11 Beav. 31 ; *Bailie v. Bailie* 1 Irish Eq. R. 413 ; *Connolly v. Codd* Kay & J. 624 ; in proceedings under a statute, unless the statute in terms dispenses with security, it will be required under the general

practice of the court: *Case of Mechanics Ins. Co.* 5 Abb. Pr. 451.

*M. V. & R. A. Montgomery* for appellee.

COOLEY, C. J. On February 7, 1883, one Canterbury brought suit in the circuit court for the county of Menominee against one McClintock, and garnished the relators as having in their hands property of McClintock. Judgment was recovered in the principal suit, and the garnishees disclosed that they were in possession of certain goods and chattels of the estimated value of $6000, as mortgagees of McClintock, under a mortgage given to secure the payment of $4775, all of which was due and unpaid. The garnishment suit appears to have been brought to trial before a jury, who returned a verdict that the garnishees had property of McClintock in their hands which was of the value of $7000, and had a lien upon it to the amount of $4772.69. Thereupon the circuit court made an order, which is given in the margin.[1]

The garnishees complain of this order, and apply in this proceeding for a writ of mandamus to require its vacation. Several objections are made to it, but only those will be noticed which appear to us to require examination for the purposes of a decision of the case now before us.

The statute (How. Stat. § 8064) contemplates that the court, when it shall appear that the garnishee has in his pos-

---

[1] "In this cause, the jury having found that the garnishee defendants, James D. Smith and Charles Loughrey, have property in their possession belonging to the said William E. McClintock, at the time of making their disclosure, to the amount of seven thousand dollars, and that the said garnishee defendants have a lien upon said property to the amount of four thousand seven hundred seventy-two and 69-100 dollars: Therefore, on motion of W. H. Phillips, attorney for plaintiff, it is ordered by the court now here, that Ransom Hammond, of Iron Mountain, Menominee county, be and he is hereby appointed receiver of the aforesaid property.

And it is further ordered that the said James D. Smith and Charles Loughrey deliver the aforesaid property to the said receiver, and the said receiver shall, immediately upon such delivery, proceed to sell the same at public vendue, first giving at least six days' notice of the time and place of such sale, by posting notices in three public places in the township, city or village where said property may be found.

And it is further ordered that the said receiver shall dispose of the proceeds of said sale, as follows, viz.: (1) Pay all costs and expenses of said sale out of the proceeds thereof; (2) pay the lien of the said Smith &

session property belonging to the principal defendant, will appoint a commissioner or receiver to collect and apply the proceeds upon any execution in favor of the plaintiff and against the garnishee. The next section is as follows:

"If it shall appear, as aforesaid, that the garnishee had in his possession, as aforesaid, any personal property of the principal defendant, and that the same is subject to any pledge, lien or mortgage, and at the time of the disclosure has not been sold by the garnishee, the same shall be delivered by the garnishee to the commissioner or receiver, if the commissioner or judge so order, to be by him disposed of under the direction of the court, if a greater amount than the incumbrance can be obtained therefor, and after paying the amount of such incumbrance, to apply the balance as aforesaid, or the plaintiff may be allowed by like order to pay or tender the amount due the garnishee."

It is under this section that the circuit court has acted.

We have grave doubts of the right to take from a mortgagee of chattels the property upon which he has a lien, except where, for the protection of the rights of others, the necessity shall be apparent. It is a serious interference with his contract rights. It is a part of his security that the mortgage gives him authority to take the property into his own possession; and nothing which may subsequently be done by or against the mortgagor can rightfully diminish or affect this security. When a resort to legal remedies becomes

---

Loughrey, or so much as remains due upon the same, out of said proceeds; (3) and the remainder, if any, to be returned to this court to be applied to the payment of plaintiff's judgment against said William E. McClintock, and the balance, if any, after paying said judgment, to be disposed of as the court shall direct.

And it is further ordered that the said Smith & Loughrey shall give said receiver a statement of the amount of goods sold up to the time said receiver takes possession, and also the amount he has received for the same, and said amount shall be deducted from the total amount of said garnishees' lien.

And it is further ordered that in case the said Smith & Loughrey have mixed, or caused to be mixed, other goods and property with the goods and property in their possession belonging to the said William E. McClintock on the 7th day of March, 1883, then and in every such case said receiver may take such steps as are authorized by law for the recovery of the same or the value thereof.

Dated September 17, 1883."

C. B. GRANT,
*Circuit Judge.*

essential, all parties concerned may be required to submit to some inconvenience, and perhaps to some loss; but in a case where, as in this case, the legal remedy is only sought for the purpose of reaching a surplus after a lien is satisfied, and the lienholder is not concerned in the controversy, it cannot be rightful to make the burden or the cost of the litigation fall upon him, or to take from him substantial rights for the convenience of the parties litigant.

In this case the plaintiff, after obtaining his judgment, might have sold on execution the interest of the mortgagor in the goods and chattels mortgaged (How. Stat. § 7682); and for the purposes of a levy might have taken possession temporarily. *Cary v. Hewitt* 26 Mich. 228; *Macomber v. Saxton* 28 Mich. 516; *Nelson v. Ferris* 30 Mich. 497; *Haynes v. Leppig* 40 Mich. 602. But the levy must be sub-ordinate to the right of the mortgagee (*Worthington v. Hanna* 23 Mich. 530); and a sale, if made without first paying off the mortgage, must be made of the goods in gross, subject to the mortgagee's lien. *Worthington v. Hanna* 23 Mich. 530; *King v. Hubbell* 42 Mich. 597; *Haynes v. Leppig* 40 Mich. 602; *Baldwin v. Talbot* 46 Mich. 19; *Laing v. Perrott* 48 Mich. 298. It is not apparent on this record that an execution would not have accomplished the purposes of effectual remedy quite as effectually as the appointment of a receiver; but if for any reason a receiver was deemed necessary, he could not properly be given greater powers than a sheriff would have had if execution had been placed in his hands. It would have been proper to empower him to examine the property and inventory it, for the purposes of an intelligent sale; but a sale must be made by him of the property in gross subject to the mortgage, and all his proceedings must be at the expense, not of the mortgagees, but of the fund that might be realized on the sale.

The order complained of should therefore be modified so far as it authorizes the receiver to displace the possession of the mortgagees, and so far as it authorizes the receiver to sell the mortgaged property without regard to the mortgage lien, and to pay the mortgagees from the proceeds after deducting

expenses. The statute only contemplates a sale when a greater sum than the amount of the lien can be realized; and this is inconsistent with a sale in parcels, the outcome of which cannot be known when it is begun. And it is unjust, even if the statute would permit it, that the mortgagees should be subjected to the risks of a sale of all the property to be made by a receiver at the expense of the fund, in a suit which concerns only other parties, when under their security they have a right to make sale themselves.

The order complained of does not require the receiver to give security. Probably this was an inadvertence. It should be corrected.

An order will be entered in accordance with these views.

The other Justices concurred.