## DAGGETT, BASSETT & HILLS Co. v. WILLIAM E. McCLINTOCK AND JAS. D. SMITH AND CHAS. LOUGHREY.

*Garnishment of mortgagees in possession.*

1. Whether the mortgager or mortgagee of chattels has possession, the property right of the former is only to the residue after payment of the mortgage.

2. If the mortgagee of chattels takes possession prematurely he does not thereby become liable for the price as for conversion of the whole, nor will he be answerable for the value of the whole property until he has disposed of it. And even in case of conversion he will be responsible for the balance only, after his own debt is paid.

3. A chattel mortgagee's right of possession becomes absolute upon default and remains so until all of the debt is realized from the property; and if possession is prematurely taken it may be retained subject to the mortgager's right of redemption on payment of so much as is not realized, or possibly of reclamation until default.

4. The right of a mortgagee of chattels to take possession of them is favored by statute and is unquestionable unless the mortgage contains provisions to the contrary. And the mortgager's right to retain possession is measured by the mortgage.

5. Garnishment process cannot affect the contract rights of mortgagees, and cannot reach goods mortgaged by the principal defendant but in the mortgagee's possession.

6. The right of a mortgager of chattels to redeem can now be levied on or attached, in Michigan; but the levy must not injure the mortgagee's possessory right, and sale thereon can only be of the general residuary interest.

7. The right sometimes reserved to the mortgager of chattels to retain possession and dispose of them in the course of trade is a conditional bailment which will be terminated by any change or enlargement of the reserved privilege without the mortgagee's consent; or by any diversion of the proceeds of sale from the designated object. The right is not assignable or independent.

Error to Menominee.   (Grant, J.)   Jan. 15.—Jan. 21.

Garnishment proceeding.   The garnishees bring error.
Reversed.

*B. J. Brown* for appellants.

*D. Bethune Duffield* for appellee.

CAMPBELL, J.   On the 12th of February, 1883, plaintiff, having commenced a suit on contract in the Menominee circuit court against McClintock, filed affidavit in garnishment against Smith & Loughrey as having property etc. of McClintock in their possession.   March 6, 1883, they disclosed that they held certain property under chattel mortgage for $4775.75 from McClintock, and some securities for the same debt, and had nothing else.   Judgment being recovered against the principal defendant for $564.05, the garnishees were held under the charge of the court for this amount.   This judgment was rendered in August, 1883.   A new trial being denied, error is brought on exceptions taken at the trial. The questions arose on the respective rights of the various parties under the mortgage.

The mortgage was made January 25, 1883, on a stock of goods in McClintock's store, and was payable in three, six, nine and twelve months, in equal installments.   The mortgage contained a provision that the mortgagor should remain in possession and be allowed to dispose of the property in the due course of his trade by sale, applying the whole proceeds of such sales towards the discharge of the liabilities secured by the mortgage.

On the 6th of February, 1883, the mortgagees obtained peaceable possession.   McClintock's testimony indicates that he supposed they had a right, and that he made no distinct opposition, but as he says gave no willing consent, but practically acquiesced.   Under his testimony we do not very clearly see how the jury could have found that the possession was without consent.   But in the view we take of the case this is not important.   It appears that a few days before, attachments had been levied on the goods, and McClintock telegraphed the mortgagees to come down.   The record does not contain a very full account of these attachment proceedings, which were in our opinion very material upon the question of the mortgagees' right to take possession.

After taking possession they proceeded to sell the goods and keep up the stock, and they claim this was done,—and from the testimony this seems most likely,—to facilitate the interests of all parties and with McClintock's acquiescence if not by his active approval.

There was no evidence that they had collected any large proportion of their debt, and the court charged the jury that if this course of dealing was with McClintock's assent, they were not liable as garnishees until their whole debt was paid. But they were also charged—and this is the chief ground of error—that if they took possession without his consent, though in the belief they had a right to do so, the jury might ascertain the value of the property, and if it exceeded the amount of their debt, they must account for the balance, as garnishees.

This charge went, in our opinion, upon an erroneous view of the garnishee laws, and of the defendant's rights. No matter in whose possession the property may have been, the rights of property of McClintock were no more than the balance which might remain after the mortgage should be paid. Even a possession taken prematurely would not subject the mortgagees to liability for the price as a conversion of the whole. It would still remain in their hands as mortgagees, subject to McClintock's right of redemption on payment of so much of the debt as had not been realized out of sales, and, if he had not lost the right, possibly to reclamation by him until default. But as soon as any default occurred their right of possession would be absolute until all of their debt should have been realized. In no case can they be held liable for the value of the whole property before they have disposed of it. And they cannot even in case of conversion be responsible except for the balance after their own debt is paid. See *Brink v. Freoff* 40 Mich. 610, and s. c. 44 Mich. 69.

At the time when this garnishee judgment was rendered there was a large part of the mortgagees' claim which had not matured, and they were not bound, and technically they were not authorized to sell faster than the debt matured.

But they had an unquestionable right of possession on default if not sooner.

Assuming the broadest right in McClintock which he could have in any chattel mortgage, these goods could not be reached as his goods. Nothing could be liable for his debts except his rights as entitled to redeem. Formerly this right could not be made subject directly to creditors. Now it may be levied on or attached, but it has been held uniformly by this Court that any interference by levy must be so had as not to injure the possessory or other rights of the mortgagees under their contract, and the sale must be of the general residuary interest, and not of specific articles. *Worthington v. Hanna* 23 Mich. 533; *Bayne v. Patterson* 40 Mich. 658; *Haynes v. Leppig* id. 602; *King v. Hubbell* 42 Mich. 603; *Baldwin v. Talbot* 46 Mich. 19; *Laing v. Perrott* 48 Mich. 298.

There can be no question as to the right of mortgagees to possession unless the mortgage contains provisions to the contrary. The statutes not only favor it, but in some cases require it, and the right of the mortgagor to retain it must be measured by the mortgage. *Haynes v. Leppig* 40 Mich. 602.

There is nothing in the garnishee law which rests on any different theory, and garnishee process cannot affect the contract rights of mortgagees. The only provision in that law which could reach such a case as the present is found in How. Stat. § 8065, which indicates that in some cases a receiver can be appointed to dispose of the property and pay the mortgage. We are not called upon in the present case to consider how far the statute is sufficient to protect the rights of parties in this respect. No attempt has been made to comply with it, and the trial was had upon an entirely adverse theory of such a conversion as would hold the mortgagees liable for the value of the goods. The validity and sufficiency of the statute will not, therefore, be discussed. In our opinion the case was not a proper one to consider under the garnishee laws on any other theory, unless the mortgage was paid; and of this there is no evidence whatever.

But while we do not now see how it will become important under the views we have expressed, on a new trial, yet as the point was deemed material by the court and counsel, it is proper to consider the relative rights created by the mortgage itself.

This mortgage reserves to the mortgagor a right of possession for two specific purposes : *first*, to dispose of the goods " in the due course of his trade by sale ;" and *second*, to apply the whole of the proceeds to the discharge of the mortgage debt.   He has not the right, which is frequently given, to use the proceeds for his own benefit, subject to a right in the mortgagee to take possession when he is afraid his security is in peril of diminution.   If either of these conditions should be broken or made ineffectual, the mortgagees would have their ordinary right of possession.   It is no doubt a valuable privilege for the mortgagor to be able to make sales to the best advantage, and so far this right extends.   But it cannot be held that such a right is assignable or independent.  Willingness to allow him to retain power of disposal for their benefit, does not involve willingness or obligation to let him keep possession unless he is carrying on his usual business " in the due course of his trade."   The mortgagees are not bound to allow any other possession, or possession for any other purpose.   The mortgagor seems to have recognized this on the levy of the attachments which at least operated as a suspension of his right of possession, and may have done more.   So any diversion of the proceeds would accomplish the same result and end his right of possession.  That right could not be changed or enlarged without the consent of the mortgagees. It was on its face a conditional bailment in aid of the security, and like all other such bailments must lose its privileges upon the duties becoming impracticable, or violated.

The judgment is in violation of the rights of the garnishees, and must be reversed with costs, with the usual order granting a new trial, and the parties will decide for themselves whether they desire it.

The other Justices concurred.