## FREDERICK K. WALKER v. EDWARD WHITE.

*Mortgage—By firm to secure claims of mortgagee and other firm creditors— If named, and amount of each claim specified, is enforceable by each creditor—Including debt of one partner will not invalidate as to firm creditors named, in absence of fraud in fact—Attaching creditor—Must levy subject to such mortgage—Can treat it void as to such individual debt.*

1. There is no legal objection to a mortgage executed by a firm to a creditor to secure *his* claim and also the claims of other *firm* credi-

| | |
|---|---|
| 60 | 427 |
| 61 | 225 |
| 63 | 102 |
| 60 | 427 |
| 74 | 730 |
| 60 | 427 |
| 89 | 336 |
| 60 | 427 |
| 96 | 235 |
| 60 | 427 |
| 109 | 471 |
| 60 | 427 |
| 115 | 525 |

tors, the amount of *each* being specified in the mortgage, and the mortgagee made a trustee for the collection and payment of such claims (*Adams v. Niemann*, 46 Mich. 137); and *each* creditor can enforce his claim under such a mortgage.   Herm. on Chat. Mortg. 357; *Burnett v. Pratt*, 22 Pick. 556; *Gilson v. Gilson*, 2 Allen, 115.

2. A firm executed a mortgage to a creditor as trustee, to secure his claim and those of other *firm* creditors, and also a debt due from *one* of the copartners for money loaned *him* on commencing business, and which went into the capital stock, the amount of *each* claim being specified in the mortgage, which made it the duty of the trustee to collect and pay the same.   The mortgagee had knowledge of the character of this individual claim, in the insertion of which *no fraud* was intended by either party to the mortgage, or by the other creditors secured thereby.

*Held*, in an action of replevin brought by the mortgagee against attaching creditors of the mortgagors, that the including of the individual debt in the mortgage was a fraud in law rather than in fact, and only such because of the *insolvency* of the mortgagors.

*Held*, further, that the mortgage was a valid security as to the *firm* creditors secured thereby, and could be treated by them as separate, simultaneous mortgages in their favor, without priority as to filing.

*Held*, further, that the attaching creditor should have levied subject to the mortgage, which he could have treated as void in so far as it secured the payment of said *individual* debt.

Error to Ingham.   (Gridley, J.)   Argued February 18, 1886.   Decided April 8, 1886.

Replevin.   Plaintiff brings error.   Reversed.   The facts are stated in the opinion.

*E. C. Chapin* and *Dickinson, Hosmer & Thurber*, for appellant:

The money borrowed on the Porter note, which was signed by *both* partners in their individual names, was used in the firm business; it was therefore a firm liability from the beginning:   Daniels on Negotiable Instruments (3d ed.) 331; *Richardson v. Huggins*, 23 N. H. 122; and if the note had been signed by Taylor alone, the firm had the right, if solvent, to assume its payment, and make it a firm indebtedness:   *Heineman v. Hart*, 55 Mich. 64.

The instrument is really seven different mortgages, and operates the same as if separate ones had been given simultaneously, and filed at the same time.   The Porter

claim is the only one questioned, and as to the others the mortgage is legal, and entitles the plaintiff to recover: Herman on Chat. Mortg. 356; Thomas on Mortg. 488; *Burnett v. Pratt*, 22 Pick. 556; *Gilson v. Gilson*, 2 Allen, 115.

The statute [How. Stat. § 7682] provides for an attachment upon chattel mortgage property any time before foreclosure: *Cary v. Hewitt*, 26 Mich. 228; *Nelson v. Ferris*, 30 Id. 497; *Wilson v. Montague*, 57 Id. 638; but this leviable right pertains to the *whole* property covered by the mortgage, and is not apportionable: *Worthington v. Hanna*, 23 Mich. 534; *Wilson v. Montague*, 57 Id. 638; and it is the duty of the officer to levy on *all* the property covered by the mortgage, and sell *all* subject to its lien: *Baldwin v. Talbot*, 46 Mich. 19; *Laing v. Perrott*, 48 Id. 298.

*R. A. Montgomery*, for defendant:

The securing of the debt due Henry E. Porter from Taylor, one of the copartners, operated, *per se*, as a fraud upon the firm creditors: *Tapliff v. Vail*, Harrington's Ch. 340; *Haynes v. Knowles*, 36 Mich. 407; *Hutchinson v. Dubois*, 45 Id. 143; *Roberts v. Pepple*, 55 Mich. 367; *Heineman v. Hart*, 55 Id. 64; *Minor v. Gaw*, 19 Miss. 322; *McKinney & Heller v. Bright*, 16 Penn. St. 399.

If the mortgage was intended by the mortgagor to hinder or defraud any of the creditors, it was fraudulent: *Allen v. Kinyon*, 41 Mich. 281; *King v. Hubbell*, 42 Id. 597; and the *intent* with which a debtor gives a conveyance is the most important matter to determine when fraud is charged: *Sweetzer v. Mead*, 5 Mich. 107.

This mortgage really amounts to an assignment with preferences, and if sustained, the statute prohibiting such preferment is of no avail: *Mer. & Man. National Bank of Detroit v. Kent Circuit Judge*, 43 Mich. 292.

MORSE, J. Charles H. Porter and Samuel B. Taylor formed a copartnership under the name of Porter & Taylor, to conduct a retail grocery business in the city of Lansing.

The capital stock put in was $1,000 each; Henry E. Porter giving his son Charles H. his share, and loaning Taylor his share, taking from Taylor a note for $1,000, signed by Taylor individually, and also by Charles H. Porter as surety.

The firm became indebted largely and financially embarrassed, and while in this situation Taylor went to Detroit,

and, without the knowledge or consent of his copartner, executed a mortgage in the firm name to the plaintiff as trustee for certain Detroit creditors therein named, including also the claim of Henry E. Porter at $900.

The plaintiff took possession of the property under the mortgage, and ran the store a few days, when he advertised the stock for sale under the power of sale contained in the mortgage.

While the proceedings to foreclose the mortgage were pending, and before sale, the defendant levied three writs of attachment upon a portion of the stock, and carried the goods away, for which goods the plaintiff brought this action of replevin.

The circuit judge instructed the jury that the chattel mortgage was void because it secured the claim of Henry E. Porter, which was not a partnership debt, but the individual liability of Taylor, and directed a verdict for the defendant. The correctness of this ruling is the only question involved in the record.

The mortgage was so drawn as to specify the amount of indebtedness to each creditor specifically, and the plaintiff was by its terms made trustee for the collection and payment of the amount owing to each. There is no legal objection to such a mortgage: *Adams v. Niemann*, 46 Mich. 137. And we think each mortgagee could enforce his own claim under the mortgage, his separate debt being clearly stated : Herm. Chat. Mortg. 357 ; *Burnett v. Pratt*, 22 Pick. 556 ; *Gilson v. Gilson*, 2 Allen, 115.

The inquiry then arises, conceding the Henry E. Porter indebtedness to be the individual liability of Taylor, and not a copartnership obligation, whether the insertion of his claim in the mortgage invalidates the whole transaction, and renders the security of the other creditors named therein void as against the attaching creditors. It is admitted that the plaintiff, the trustee named in the mortgage, knew the real character of the indebtedness secured to Henry E. Porter. But it does not appear from the record that in the insertion of his claim in the mortgage any fraud in fact was

intended either by Taylor or the plaintiff. There is no doubt that the object of the mortgage, upon the part of the Detroit creditors, was to secure their valid and subsisting claims against the firm of Porter & Taylor; and if they had supposed the joining of the Porter claim in the security would in law have invalidated the entire instrument, it would not have been so joined. It was a fraud in law rather than in fact; and it is a fraud as against creditors only because of the insolvency of the firm.

It does not seem equitable that the remaining *bona fide* creditors of the firm, who took this security for the very proper and legitimate purpose of securing their honest claims, should lose their security because of the illegal attempt of Taylor to secure his benefactor; and, under the authorities, we think this joint mortgage, by its terms and conditions, can be treated in law the same as separate simultaneous mortgages of the different creditors, filed at the same time: Herm. Chat. Mortg. 357; Jones Chat. Mortg. § 50.

Therefore, the security of the others being valid, the defendant had no right to levy in the way he did, treating the whole mortgage as void. He should have levied subject to the mortgage, and in that event he could have proceeded as if the portion of the mortgage securing the Porter claim were invalid; but as it is, the defendant was not entitled to the instruction given by the court to the jury: *Baldwin v. Talbot*, 46 Mich. 19; *Laing v. Perrott*, 48 Mich. 298; *Worthington v. Hanna*, 23 Mich. 530; *Harvey v. McAdams*, 32 Mich. 472; *Wilson v. Montague*, 57 Mich. 638.

It is argued by the defendant's counsel that the mortgage was fraudulent as against creditors, for various reasons assigned in their brief; but the questions of fraud therein raised were such as to require the intervention of a jury.

The judgment, therefore, must be reversed, and a new trial ordered, with costs.

The other Justices concurred.