JOSIAH N. HURST v. THEODORE G. BEAVER.

*Deed construed as mortgage— Correction of description in mortgage.*

A man, after giving a mortgage upon certain described lands, agreed to get a tax deed thereto from the State to the mortgagee, whose name was *Hurst,* and who was to reconvey on the repayment of moneys advanced by him to the mortgager. The tax deed was accordingly obtained; but as it was made out in the name of *Hunt* the mortgagee quit-claimed to the mortgager under that name, and the latter gave him back a warranty deed, this being done to save the

expense of a foreclosure. *Held* that this transaction should be treated as intended to confirm the mortgage title and not destroy it; and that the mortgage was to be regarded as continuing for purposes of security, and open to foreclosure.

A deed given to secure money lent, but with an understanding that the land is redeemable by its payment, is a mortgage as between the parties and those who purchase from them with notice.

The statute of frauds is against extending on parol testimony, an ambiguous description in a mortgage, unless upon positive proofs.

A mortgage described the premises as "the southeast quarter of the quarter of section 32," etc., containing "*forty* acres." The mortgager owned the entire half of a quarter section, being eighty acres, and the mortgagee, supported by the parol testimony of the scrivener who drew the mortgage, claimed that it was meant to cover this whole parcel. *Held* that this construction would contradict the terms of the mortgage, and that the lien must be confined to a quarter section.

Costs to an appellant on the modification of a decree of foreclosure were ordered to be paid to him personally and not charged on the property where he was not personally liable for the debt.

Appeal from Berrien. (A. J. Smith, J.) Apr. 24.—June 13.

FORECLOSURE bill. Defendant appeals. Decree modified.

*James A. Kellogg* for complainant. A mortgage is not merged in a deed between the same parties against their intention and the mortgagee's interest: *Tower v. Divine* 37 Mich. 443; *Cooper v. Bigly* 13 Mich. 478; *Purdy v. Huntington* 42 N. Y. 334: 1 Am. 532; a deed in form absolute may be shown to be a mortgage: *Barber v. Milner* 43 Mich. 248; *Wadsworth v. Loranger* Har. Ch. 113; *Emerson v. Atwater* 7 Mich. 12; *Eaton v. Truesdail* 40 Mich. 1; a mortgage will be construed most favorably for the mortgagee: *Stuart v. Worden* 42 Mich. 160; the description in a mortgage may be corrected and the mortgage foreclosed in one proceeding: *Cummings v. Freer* 26 Mich. 134; *Hunt v. Hunt* 38 Mich. 164; a court has ample power to correct mistakes in description on parol evidence: 1 Greenl. Ev. § 296; Adams' Eq. 402; 1 Story's Eq. Jur. § 157; *Schmitz v. Schmitz* 19 Wis. 207; *Jenkins v. Sharpf* 27 Wis. 476; *Sharp v. Thompson* 100 Ill. 447: 39 Am. 61;

*Hartford Ore Co. v. Miller* 41 Conn. 133 ; 1 Jones on Mortg. § 97 ; *DePeyster v. Hasbrouck* 11 N. Y. 582 ; *Rider v. Powell* 28 N. Y. 310.

*Theodore G. Beaver, O. W. Coolidge* and *Edward Bacon* for defendant.   Relief for misdescription in a deed will not be granted unless mistake and the real intent of the parties are established beyond a reasonable doubt, and not merely by preponderance of evidence : *Youell v. Allen* 18 Mich. 107 ; *Tripp v. Hasceig* 20 Mich. 263 ; *Goltra v. Sanasack* 53 Ill. 458 ; *Harter v. Christoph* 32 Wis. 248 ; *Vary v. Shea* 36 Mich. 390 ; *Stockbridge Iron Co. v. Hudson Iron Co.* 102 Mass. 45 ; *Kent v. Lasley* 24 Wis. 654 ; *Kennard v. George* 44 N. H. 440 ; *Beardsley v. Knight* 10 Vt. 185 ; *Miner v. Hess* 47 Ill. 170 ; when no fraud, oppression, surprise, undue influence, imbecility of mind or some element of a similar nature is alleged or proved, equity will not interfere : *Campbell v. Carter* 14 Ill. 291 ; Story's Eq. Jur. §§ 113–6 ; *Low v. Getty* 18 Ill. 493 ; mistake must appear to be mutual : *Nevius v. Dunlap* 33 N. Y. 676 ; *Brainerd v. Arnold* 27 Conn. 617.

CAMPBELL, J.   The bill in the original cause, to which the present has succeeded by revivor, was filed for the double purpose of correcting and foreclosing a mortgage given in April, 1876, by Daniel M. Fisher and Betsey, his wife, to Josiah Hurst, who was complainant in the original bill, and who is now deceased.   The mortgage correctly described two hundred and forty acres, in section 5 of township 6 south of range 19 west, and then purported in addition to cover " the southeast quarter of the quarter of section 32, town 5 south of range 19 west, containing forty acres of land."   The bill claims that the land intended to be mortgaged was the east half of the southeast quarter of section 32, town 5 south of range 19 west, containing 80 acres.

Daniel M. Fisher conveyed his land to Theodore G. Beaver pending the suit. A decree was rendered against Fisher correcting the mortgage as prayed, from which he appealed.

The cause was remanded to the circuit court for further proceedings, as Daniel Fisher died pending a motion to dismiss, and the proceedings were revived by a bill.

As counsel on both sides treat the case as properly framed to examine the original equities, we shall proceed with it on that basis.

Before considering the question of mistake it is necessary to refer to some transactions subsequent to the mortgage which defendant claims resulted in the conveyance by Hurst to Fisher of the lands in section 6 absolutely, and a reconveyance by new warranty deed of the same property as security for the original debt and some further advances, under arrangements which discharged the mortgage itself. The facts appear to have been as follows:

On the 26th day of September, 1876, Hurst advanced to Fisher $300, and Fisher signed an agreement to obtain a deed from the State of Michigan to Hurst of the 240 acres in section 5, and Hurst was to reconvey to Fisher on payment back of the $300, and of "all incumbrances by mortgage due said Hurst."

The State tax title was conveyed by some mistake to Josiah *Hunt* and not to Josiah Hurst. Hurst on the 2d of January, 1878, using the name of Josiah Hunt, quit-claimed the 240 acres to Fisher, who at the same time gave to Hurst a warranty deed of the property.

The object of Hurst in getting the title in this way, was to save the expense of a foreclosure.

The original mortgage contained no power of sale and could only be foreclosed in equity. There seems to have been no written defeasance or other written agreement executed after this warranty deed was made. But the original answer of Fisher set up that the deed was security and by way of mortgage, although insisting it was merely to secure the repayment of the $300 and interest advanced to get rid of the taxes.

We have no doubt the object of this transaction was to confirm the mortgage title and not to destroy it, and that it must be regarded as continuing for purposes of security,

and open to foreclosure in equity. Such was the purpose indicated in the instrument executed by Fisher when the $300 was advanced to him, and the deeds made in 1878 were, we think, intended to carry out the purpose which would have been subserved by the tax deed from the State if it had been made to Hurst correctly instead of to Hunt. And according to the well settled rules of law, a deed given to secure money lent, and redeemable by its payment, is itself a mortgage—at least as between the parties and those who purchase from them with notice.

The question of mistake, however, is a more serious one. It appears on the face of the mortgage that a parcel of land was intended to be described on section 32 in town 5 south. It is there described as the southeast quarter of some quarter not identified. It is also described as containing forty acres, which is the size of the fourth part of a quarter section.

It is admitted that Fisher owned the east half of the southeast quarter of section 32. And it is claimed the mortgage was designed to cover this parcel, which is 80 acres.

The testimony introduced on this subject is all parol. Hurst, the mortgagee, and Downing, the scrivener, both say Fisher meant to mortgage all the land he had in Berrien county, Michigan. But it also appears that the mortgage of 1876 was given to secure an additional sum to one included in a prior mortgage of 1872, and was to be upon the same lands. Mr. Downing testifies that it was his own mistake in the description, because he had Fisher's deed to copy from, and he thinks that was right.

Complainant has failed to produce either the mortgage of 1872 or any deed to Fisher covering the land in dispute. If those had been produced, and had covered the entire eighty acres, the mistake might perhaps be corrected by connecting the two mortgages as designed to be substituted one for the other. But in the absence of this documentary testimony we are met by difficulties. It is contrary to the intent of the statute of frauds to enlarge a description by

parol, and if it can be done at all—which we need not now consider—it must be upon proofs open to no ambiguity. It is not at all likely that any one would lend money merely on the credit of all of the lands owned by the borrower in a certain region, without knowing what these lands are. We think it is altogether likely that the parties all referred to a written description in some document before them, which they, or some of them, supposed contained all of Fisher's lands, but which may or may not have done so.

But it is difficult to understand how a double mistake could have arisen in copying a written description, which should nevertheless be entirely consistent in itself. If we assume the true description was as now claimed, we must assume that the southeast quarter of a quarter section was substituted for the east half of a quarter, and that forty acres was put instead of eighty. Two such blunders are improbable.

If we take the language as it reads it is complete except in its identification of the right quarter section, and that can be identified without contradicting the description or adding to the amount of land covered by it. We see no difficulty in supplying this identification, because Fisher's land was in the southeast quarter section. But any other change would contradict the terms of the mortgage.

We are of opinion that the decree should be affirmed as to all but that portion of it which declares the mortgage to cover the whole east half of the southeast quarter of section 32, and that it should be so modified as to include only the southeast quarter of that quarter section.

The decree must be so modified, and costs awarded to defendant Beaver in this Court. As he is not personally liable for the debt these costs will not be charged on the property, but must be paid him personally.

GRAVES, C. J. and COOLEY, J. concurred.