## BECKMAN *v.* NOBLE.

115 523
147 ²558
d147 ²566

1. PARTNERSHIP—AGENCY—GIVING SECURITY — ASSENT OF ABSENT PARTNER.

   A partner may execute a mortgage covering all of the partnership property, as security for a firm debt, without the assent of an absent copartner.

2. TRUST MORTGAGES— CONDITIONS—BENEFICIARIES—INCONSISTENT POSITIONS.

   A trust mortgage contained a condition that it should not be binding unless the beneficiaries should extend the time of payment for 40 days upon the obligations which the mortgage was designed to secure.   Another clause authorized the trustee, should he consider the indebtedness insecure, to take possession of the property, and to sell the same as he might deem best for all persons interested.   *Held*, that the assent of the beneficiaries to the act of the trustee in taking possession of the property before the expiration of the 40 days was not inconsistent with their previous acceptance of the condition on which the mortgage was given.

3. SAME—GENERAL ASSIGNMENT.

   The facts that an instrument, in form a trust mortgage, covered property scarcely adequate to pay the indebtedness secured, and gave authority to the trustee to take possession if he should deem the creditors insecure, and that the makers were insolvent at the time of its execution, have no tendency to show that the instrument was intended to operate as a common-law assignment.

4. DEBTOR AND CREDITOR—FRAUD—EVIDENCE.

   A creditor's participation in the purpose of his debtor to defraud other creditors cannot be inferred from his acceptance as security for his debt of a mortgage covering all of the debtor's property.

Error to Wayne; Frazer, J.   Submitted October 14, 1897.   Decided January 18, 1898.

Garnishment proceedings by Herman Beckman and another against Herbert W. Noble, trustee, as garnishee

of Louis Kuttnauer and others. From a judgment for the garnishee defendant on verdict directed by the court, plaintiffs bring error. Affirmed.

*Elliott G. Stevenson*, for appellants.

*Alfred Lucking* (*Walker & Spalding*, of counsel), for appellee.

Montgomery, J. The firm of Kuttnauer, Rosenfield & Co. consisted of Louis Kuttnauer, Adolph S. Kuttnauer, and Monroe Rosenfield. The business of the firm was buying and selling clothing, notions, furnishing goods, etc., at wholesale. Rosenfield traveled on the road selling goods for the firm. On the 17th of October, 1895, a trust mortgage was given in the name of the firm to Noble, as trustee of the Mechanics' Bank, the State Savings Bank, and the Northampton National Bank, of Northampton, Mass. This mortgage was executed by Adolph S. Kuttnauer with the approval of Louis Kuttnauer, but in the absence of Rosenfield and without his consent. The mortgage covered all the assets of the firm. The garnishee defendant took possession under the mortgage, and the testimony shows that the proceeds of the sales made in the execution of the trust are insufficient to pay the creditors secured.

The plaintiffs claim that this mortgage is void as to creditors, for the reasons:

(1) That the Kuttnauers did not have competent legal authority to execute a mortgage covering all the partnership property, without the assent of Rosenfield.

(2) Because the mortgage contained a condition that it should not be binding unless two of the banks secured should extend the time of payment of obligations held by them for 40 days, and that this was not done.

(3) Because the instrument was intended to have the effect of a common-law assignment, and did not conform to the statute regulating such assignments.

(4) Because the mortgage was made with the intent to hinder, delay, and defraud creditors.

The circuit judge, at the close of the testimony, directed a verdict for the defendant, and plaintiffs bring error.

1. The authority of Kuttnauer to execute the mortgage on behalf of the firm, as a security for a firm indebtedness, is sustained by the cases of *Walker* v. *White*, 60 Mich. 427; *Harvey* v. *Ford*, 83 Mich. 506; *Robards* v. *Waterman*, 96 Mich. 233. In the last case cited, the precise question involved here was decided, and held in accordance with defendant's contention. See, also, 1 Lindl. Partn. (Ewell's Ed.) p. 279 (star p. 129); *McClelland* v. *Remsen*, 36 Barb. 622; *Mabbett* v. *White*, 12 N. Y. 454.

2. The notes held by the banks matured at different times,—some within a few days of the date of the mortgage, and others at different times during the succeeding four months. The mortgage contained a clause as follows:

" This mortgage is given on condition that the said Mechanics' Bank of Detroit and the said State Savings Bank of Detroit extend the time of payment 40 days on each of said notes and obligations held by them, and so signify to said trustee on or before October 18, 1895; else this mortgage shall be null and void."

Plaintiffs contend that this condition never was complied with, and therefore the mortgage never became operative. It appears by the undisputed testimony that the mortgage was submitted to the officers of each of the banks after its execution, and that, after the same was considered, they severally signified to Mr. Noble, the trustee, their wish to accept the mortgage, including the condition quoted; and it does not appear that either of the banks received any payment until the 40-day extension had expired. It does appear, however, that the trustee, Noble, with the assent of the banks, took immediate possession of the property covered by the mortgage, and commenced the sale of the goods, and this is alleged not to consist with the alleged extension. The mortgage also contained this clause:

"If default shall be made in such payment, or any part of the same, or if said trustee shall deem said indebted-

ness insecure, the said trustee is hereby authorized to take possession of such personal property aforesaid, and to sell the same in such manner as he may deem best for all persons interested in the trust."

Was the sanction given to the act of taking possession under this insecurity clause inconsistent with the extension of time consented to by the bank? We think not. The instrument must be construed so as to give effect to the two provisions. The bank could not, after accepting the mortgage, have instituted a suit on the notes, but the trustee was, by the express terms of the mortgage, authorized to take possession if he deemed the beneficiaries insecure.

3. The instrument is not in form a common-law assignment; it is a mortgage. There is no evidence that it was anything else in purpose and intent, unless the fact that the mortgagors were insolvent, and that the mortgage covered property scarcely adequate to pay the indebtedness secured, and that authority was given the trustee to take possession if he deemed the creditors insecure, be taken as evidence of such intent. There was no agreement between the preferred creditors or the trustee and the mortgagors to treat the instrument as anything other than security for the payment of the debts secured. We think the circuit judge was justified in the ruling, as matter of law, that there was no evidence tending to show that the mortgage was intended to operate as a common-law assignment. The case falls within previous rulings of this court. *Sheldon* v. *Mann,* 85 Mich. 265; *Bank of Montreal* v. *J. E. Potts Salt & Lumber Co.,* 90 Mich. 345; *Cluett* v. *Rosenthal,* 100 Mich. 193 (43 Am. St. Rep. 446); *National Bank of Oshkosh* v. *First Nat. Bank of Ironwood,* 100 Mich. 485; *Austin* v. *First Nat. Bank of Kalamazoo,* Id. 613.

4. We also think that there was no evidence tending to show that the mortgage was received by the trustee or creditors with a purpose of aiding a scheme to defraud other creditors. There was affirmative testimony nega-

tiving such purpose. Indeed, it is difficult to see how the foreclosure of the mortgage could have had any such effect. There was no attempt to deprive other creditors of their legal remedies, except as the acceptance of security which preferred these banks over other creditors had that effect, and such preference is lawful, as has been repeatedly held. There was, it is true, evidence that the Kuttnauers had practiced a fraud on their partner, and on their creditors also, by diverting funds belonging to the firm; but, if we assume that they made the mortgage with a like purpose, there is nothing in the record justifying the inference that the banks or the trustee participated in the purpose, unless the acceptance of the security for an honest debt, and the attempt to enforce the same, be so considered. That it cannot, see *Eureka Iron & Steel Works* v. *Bresnahan*, 66 Mich. 489.

The judgment will be affirmed.

The other Justices concurred.