HEATH v. KOON.

1. CHATTEL MORTGAGES—FALSE REPRESENTATIONS—HUSBAND AND WIFE.

The validity of a chattel mortgage given by a man to his wife was at issue in an action by the wife against the sheriff, who had seized the goods on execution for the husband's debt. *Held*, that statements as to his assets and liabilities, made by the husband to the execution creditor at the time the credit was given him, were admissible as tending to prove fraud on the part of the debtor.

2. SAME—WIFE'S KNOWLEDGE.

The mortgage would not be invalidated unless it were also shown that the wife had knowledge of the representations.

3. FRAUD—EVIDENCE.

In cases of fraud great latitude is permitted in admitting evidence, and inferences are generally for the jury.

Error to Benzie; Aldrich, J. Submitted January 30, 1902. (Docket No. 113.) Decided March 18, 1902.

Trover by Anna M. Heath against William H. Koon. From a judgment for plaintiff, defendant brings error. Reversed.

The statement of facts made by the appellant is conceded to be correct. We take therefrom that which is essential to an understanding of the point to be decided.

Plaintiff is the wife of Edgar Heath. They were married in October, 1893. Until 1896 he supported his family by working as clerk, peddling, and other work. In the

spring of 1896 he kept for sale a small stock of groceries in the rural district of Homestead township, Benzie county. In 1897 he moved to Frankfort, taking with him the remnant of his stock of merchandise, and opened a small store, plaintiff attending to the business in the absence of her husband. He obtained goods upon credit down to the summer of 1898, purchasing a bill of goods from a Wisconsin corporation. In July and August, 1898, he sold large quantities of the merchandise so purchased at auction, with the consent of his wife. On October 1st following he executed to his wife a chattel mortgage on what was left of the stock, purporting to secure to her the payment of $1,175. On October 12th of the same month he left his home in the evening, took the train that night or in the early morning for the State of Ohio, and took with him, with the consent of his wife, considerable quantities of merchandise, which had been packed in boxes. He left instruction for the remaining portion of the goods to be shipped to him in Ohio. His wife immediately took possession, and on the 17th of October foreclosed the mortgage, and bid the goods in for herself. October 20th of the same month the Wisconsin corporation sued out a writ of attachment, levied upon these goods, and sold them at public vendue for the sum of $398, which was not sufficient to cover its debt. In November following the wife took her household goods and went to her husband in Ohio. On November 21st she commenced this action of trover against defendant, who was the sheriff of Benzie county, and levied upon the goods and sold them. Plaintiff recovered verdict and judgment.

*N. A. Parker*, for appellant.

*D. G. F. Warner*, for appellee.

GRANT, J. (*after stating the facts*). Several errors are assigned. We need to discuss only one. The defense was that the transaction between plaintiff and her husband was fraudulent, and there was good evidence to sustain it.

Plaintiff claimed that she had received money from her father's estate at various times, which she loaned to her husband. She was unable to tell how much. She kept no records, and could give no dates or amounts. The administrator, who was her brother-in-law, testified to the items paid. Defendant offered to show statements made by plaintiff's husband to R. G. Dun & Co., and to the salesman of the Wisconsin corporation, of his assets and liabilities. This was excluded by the court for the reason that no proof was offered to show that she knew about them.

It was essential to show fraud on the part of the plaintiff's husband, the purchaser of the goods. Representations made by him at the time the goods were purchased, if shown to be false, were evidence of fraud upon his part. The evidence was competent. The relations of the plaintiff and her husband, the clandestine removal of the goods with her consent, her knowledge of his indebtedness and the manner of conducting his business, of his financial condition, and other circumstances, were competent evidence for the consideration of a jury in determining the good faith of the transaction. Testimony tending to show any fraud upon his part or upon hers was competent. Naturally, in such cases, the first purpose of the defendant is to show the fraud on the part of the debtor. If, at the conclusion of the evidence, there is nothing to indicate any fraud, the court will direct a verdict; and if there is nothing to indicate that plaintiff had knowledge of any representations made by the debtor to his creditor, he will so instruct the jury. But in these cases of fraud wide latitude should be permitted in admitting evidence, and inferences are generally for the jury to draw.

Judgment reversed, and new trial ordered.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.