THOMPSON v. NEWLAND.

1. FRAUDULENT CONVEYANCES—SALES OF GOODS—CONSIDERATION —TRUST FOR CREDITORS.

A sale of goods in which the buyer agrees to pay the consideration to the creditors of the seller is not a conveyance in trust for the use of the seller such as is invalidated by section 9514, 3 Comp. Laws.

2. SAME—INTENT—DEFRAUDING CREDITORS.

The price agreed upon being reasonable, the debts agreed to be paid being bona fide, and the entire consideration being applied to their payment, the sale is not one made to hinder, delay, or defraud creditors within section 9533, 3 Comp. Laws, though the arrangement does not provide for payment of all the creditors.

3. SAME—PREFERENCES.

A debtor has a right to pay one creditor in preference to another.

4. SAME—EVIDENCE—COMPETENCY.

A sale of goods in which the buyer agrees to pay the consideration to certain creditors of the seller, not being in any way connected with the act of incurring a debt not included in the

arrangement, evidence that the debt so omitted was fraudulently contracted has no tendency to prove that the sale was fraudulent.

5. SAME.

Where, after a debtor has sold certain goods on the agreement that the buyer will pay certain debts of the seller, a creditor, the entire of whose claim was not provided for, attaches the goods, the act of the creditor in directing the buyer not to pay anything to the attaching creditor, but to apply his share on a debt due the buyer, while not to be approved, has no tendency to prove that the sale was originally fraudulent.

Error to Wexford; Chittenden, J. Submitted May 8, 1906. (Docket No. 37.) Decided July 3, 1906.

Replevin by Orlow Thompson against Richard Newland. There was judgment for plaintiff, and defendant brings error. Affirmed.

*I. C. Wheeler*, for appellant.

*Fred C. Wetmore*, for appellee.

CARPENTER, C. J. Plaintiff brought this action of replevin to recover possession of 60 cords of wood held by the defendant as a constable by virtue of an execution issued out of a justice's court on a judgment rendered in an attachment suit in favor of one George M. Brooks and against Frank Gilbert. The wood in controversy was a part of a larger quantity cut by Gilbert on the land of plaintiff. Early in December, 1904, Gilbert sold this wood to plaintiff at the agreed consideration of $1 per cord. This consideration was to be paid to creditors of Gilbert. One of these creditors was Brooks, the plaintiff in the attachment suit above mentioned. The amount to be paid him was only a part of the indebtedness due. Part of these claims had been paid before the commencement of the attachment suit.

It was the claim of defendant that the transfer to plaintiff was made in trust for the use of Gilbert, and that the same was therefore void by virtue of section 9514, 3

Comp. Laws. This claim is entirely unfounded. The transaction was a sale, whereby plaintiff acquired the complete title. There was no trust, and the section of the statute referred to does not apply.

It was also claimed that the sale was made with the intent to hinder, delay, or defraud creditors, and was therefore made void by section 9533, 3 Comp. Laws. This issue was submitted to a jury who rendered a verdict in favor of plaintiff. Defendant asks us to reverse the judgment entered on said verdict upon various grounds. It is unnecessary to state these grounds. It is sufficient to say that they are all answered by showing, as we will endeavor to do, that there was no evidence of fraud and the trial court might very properly have directed a verdict in plaintiff's favor. There is no evidence in this case tending to prove that the price that plaintiff agreed to pay for this wood was not a fair price. There is no evidence in this case tending to prove that all of the debts of Gilbert which plaintiff promised to pay were not bona fide debts, and it is to be borne in mind that the entire amount for which this wood was sold was to be paid to such creditors. The transaction instead of being one calculated to hinder, delay, or defraud creditors, was one which had for its object the payment of said creditors. It is true that the arrangement did not provide for the payment of all creditors (it omitted a portion of the indebtedness due Brooks), but this did not make the transaction fraudulent, for a debtor has a right to pay one creditor in preference to another. See *Sheldon* v. *Mann*, 85 Mich. 265; *Warner* v. *Littlefield*, 89 Mich. 329; *National Bank of Oshkosh* v. *First Nat. Bank of Ironwood*, 100 Mich. 485; *McMorran* v. *Moore*, 113 Mich. 101.

As evidence of fraud, defendant sought to prove that Gilbert perpetrated a fraud in contracting the indebtedness due Brooks, and complaint is made because the trial court struck out this evidence. It is to be doubted whether the evidence stricken out even tended to prove that said indebtedness was fraudulently contracted. If

so, it had no tendency whatever to prove that there was fraud in the sale from Gilbert to plaintiff. This case is not like that of *Heath* v. *Koon*, 130 Mich. 54. There a creditor who attacked as fraudulent a mortgage given by his debtor to his (the debtor's) wife was permitted to show that his (the creditor's) indebtedness was fraudulently contracted. In that case there was an intimate relation between the act of the creditor in contracting said indebtedness and in giving said mortgage. There was evidence warranting the inference that those two acts were parts of the same scheme of fraud. In the case at bar the act of Gilbert in contracting the indebtedness to Brooks and his act in making the sale to plaintiff had no relation whatever. In such cases the rule is well settled that, upon a charge of fraud, evidence of the commission of another and distinct fraud is inadmissible.

"A charge of fraud in a particular transaction cannot be proved by evidence of other and independent frauds * * * unless it appears that there is such a connection between the transactions as to authorize the inference that the frauds are both parts of a general scheme or purpose to defraud." 14 Am. & Eng. Enc. Law (2d Ed.), p. 196.

"To render such evidence (evidence of other frauds) admissible * * * it must appear that they were so connected in point of time and otherwise with the one in issue as to make it apparent that all were carried out in pursuance of a common fraudulent purpose." 20 Cyc. pp. 769, 770.

See, also, *Jordan* v. *Osgood*, 109 Mass. 457; *Edwards* v. *Warner*, 35 Conn. 517.

If there was any other evidence in the case tending to prove fraud it was this: After Brooks attached the property involved in this suit, Gilbert told plaintiff not to pay the indebtedness due Brooks, but to apply the same on an indebtedness due himself (plaintiff). While we might not approve this conduct of Gilbert, it obviously has no tendency to prove that the original arrangement whereby plaintiff bought the wood was intended to defraud creditors. We conclude, as heretofore stated, that there was

no evidence which had any tendency to prove that the sale to plaintiff was fraudulent, and that a verdict should have been directed in his favor.

Judgment affirmed.

McALVAY, BLAIR, HOOKER, and MOORE, JJ., concurred.