MONTZ v. REUTTER.

1. HUSBAND AND WIFE—REFORMATION OF INSTRUMENTS—APPEAL AND ERROR—EVIDENCE.

In suit to reform promissory notes given pursuant to a contract by insertion of statutory noncoercion clause over signature of husband and wife, decision must be made on papers involved, where oral testimony is of little value, defendants did not appear as witnesses and no conversation with the wife is shown (Act No. 158, Pub. Acts 1917).

2. BILLS AND NOTES—NONCOERCION CLAUSE—HUSBAND AND WIFE.

Promissory notes, executed pursuant to contract containing statutory noncoercion clause signed by husband and wife, which

were executed as part of the same transaction *held*, intended to evidence the same liability as in the contract, where there is no showing they were not so intended (Act No. 158, Pub. Acts 1917).

3. Reformation of Instruments — Insertion of Noncoercion Clause.

    Reformation of promissory notes to include statutory noncoercion clause as to wife is granted, where it works no evasion of statute nor harm to wife who signed contract containing said clause and pursuant to which the notes were given (Act No. 158, Pub. Acts 1917).

Appeal from Wayne; Ferguson (Homer), J. Submitted June 12, 1934. (Docket No. 121, Calendar No. 37,877.) Decided September 18, 1934.

Bill by Anton Montz and Emma Montz against George W. Reutter and Alice C. Reutter to reform promissory notes. Bill dismissed. Plaintiffs appeal. Reversed, and decree entered for plaintiffs.

*James Segesta* (*Abraham Croll,* of counsel), for plaintiffs.

*Daniel W. Ross,* for defendants.

Fead, J. Act No. 158, Pub. Acts 1917, abrogated the common-law disabilities of married women to contract, in the respect of enabling them to become jointly liable with their husbands on written instruments and thereby subjecting to execution property held by the entireties. Section 2 provides:

"Such instrument shall contain a statement that no undue influence or constraint has been exerted against the wife in the execution thereof."

In February, 1927, defendant Reutter sought a loan of $1,650 from plaintiffs. It was arranged and Reutter prepared a contract covering it, signed by

himself alone. In the contract he was described as "party of the second part," and agreed to execute promissory notes in denomination of $25, payable monthly with six per cent. interest, to make the payments when due and additional payments when possible, and "that no undue influence or coercion has been used to secure his signature."

Plaintiffs objected to the contract on the ground that they wanted Reutter's wife to be a party to the transaction and liable for the loan. Reutter took the contract away and amended the form by inserting his wife's name with his as "party of the second part," and in other places, and she executed it with him. The notes were also signed by her at the time but the noncoercion clause was not inserted in them. Reutter prepared the notes. Plaintiffs brought this suit to reform the notes by inserting the clause.

The oral testimony is slight and of little value. Defendants did not take the stand. No conversation with Mrs. Reutter was shown. We cannot speculate as to her knowledge of the statute. The case must be decided on the papers.

While not in the best form, the contract established a joint obligation on defendants to pay the loan. It contained the noncoercion clause over the signatures of both and it thereby fulfilled the statute. The notes were contracted for and signed as part of the transaction. There was no showing they were not intended to harmonize with the contract. The unavoidable inference is that they were to evidence the same liability expressed in the signed agreement. The noncoercion clause was omitted from them by Reutter's mistake or fraud, depending upon whether he appreciated the necessity for the clause. Plaintiffs are entitled to the character of evidence of the debt and the kind of liability

which defendants contracted to give. Reformation would work no evasion of the statute nor harm to Mrs. Reutter because it merely confirms, through the notes, the same liability she assumed under the contract and in form required by the statute.

Decree reversed and one will be entered for reformation, with costs.

Nelson Sharpe, C. J., and Potter, North, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.