WINDMILL POINT LAND CO. *v.* JACKSON.

1. VENDOR AND PURCHASER—CONSENT TO VENDEE'S ASSIGNMENT.
    Provisions of land contract requiring vendor's written consent to
    assignment by vendee is enforceable by assignee of vendor's
    interest.

2. SAME—ASSIGNMENT—CONSIDERATION.
    Written consent of vendor's grantee to assignment of land con-
    tract by vendee's assignee *held,* sufficient consideration to
    support undertaking of new assignee to pay the balance due
    on the contract which required vendor's written consent in
    order to lawfully make such an assignment.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 6, 1934. (Docket No. 31, Calendar No. 37,843.) Decided October 1, 1934.

Assumpsit by Windmill Point Land Company, a Michigan corporation, against Charles E. Jackson and Myrtle E. Jackson for sums allegedly due under land contract. Judgment for defendants. Plaintiff appeals. Appeal dismissed as to Myrtle E. Jackson, reversed and remanded for entry of judgment against Charles E. Jackson.

*Fildew & DeGree,* for plaintiff.

*C. H.* and *G. M. Lehman,* for defendants.

NELSON SHARPE, C. J. On February 23, 1917, the Tigchon Land Company as vendor executed a land contract with T. Harris Smith as vendee for the sale and purchase of a lot in the city of Detroit. The contract provided that the vendee should not assign the contract without the written consent of the vendor.

On April 18, 1917, Smith assigned his interest therein to Frank B. Walker. Annexed thereto was a written agreement signed by Walker "to carry

out the conditions of the attached contract not already performed'' and a written acceptance of the assignment signed by the land company.

On July 29, 1918, the land company assigned its interest in the contract as vendor to the Windmill Point Land Company, the plaintiff herein, and also conveyed the lot to it. In the meantime Frank B. Walker had become deceased, and on October 27, 1927, the probate court granted a license to his executor, Roger V. Walker, to sell the interest of the deceased in this lot and other real estate. Pursuant thereto the executor on November 15, 1927, assigned the interest of the deceased in the land contract to the defendants, Charles E. Jackson, and Myrtle E. Jackson, his wife. It was stated therein that the balance then due upon the contract was $3,474.19 ''which the said assignee assumes and agrees to pay.''

On January 3, 1928, the plaintiff executed a written instrument, which was made a part of the record of the probate court, in which it released the estate of Frank B. Walker from the obligation of the deceased under the contract and agreed ''to look to the said land and the purchasers thereof (Charles E. Jackson and Myrtle E. Jackson, his wife, of Detroit, Michigan) for the payment of the indebtedness whereof the said contract is held as security.''

Later and on January 20, 1928, there was annexed to the contract a written agreement executed by Mr. and Mrs. Jackson ''to carry out the conditions of the attached contract, not already performed,'' and on February 16, 1928, there was also annexed thereto an acceptance of this assignment signed by the plaintiff company.

Jackson made payments of principal and interest on the contract to the plaintiff in the sum of $3,031.50. On September 25, 1933, there was un-

paid thereon the sum of $1,524.51 and some interest and plaintiff brought this action at law to recover the same from Mr. and Mrs. Jackson. On trial before the court without a jury, a judgment was entered for the defendants, from which the plaintiff has taken this appeal.

It appears that the undertaking of Mrs. Jackson did not comply with the requirements of Act No. 158, Pub. Acts 1917, then in force. While the appeal is from the judgment rendered, plaintiff's counsel do not ask reversal as to her.

The plaintiff released the estate of Frank B. Walker from its liability on the assignment made to him during his lifetime and agreed to look to the land and to Mr. and Mrs. Jackson, to whom the executor had assigned the contract, for the payment of the moneys due under it; and Mr. and Mrs. Jackson in consideration of the assignment agreed in a writing signed by them to "carry out the conditions of the attached contract not already performed." The plaintiff in writing accepted this assignment. Without plaintiff's acceptance the assignment could not have been lawfully made. The requirement of consent thereto by the vendor was enforceable by the plaintiff, and such consent expressed in writing by it was a sufficient consideration to support the undertaking of Jackson to pay the balance due on the contract. *Sloman* v. *Cutler,* 258 Mich. 372.

The appeal as to Mrs. Jackson is dismissed but without costs. The judgment in favor of Mr. Jackson is reversed and set aside, with costs, and the cause remanded with direction to the circuit court to enter a judgment for the plaintiff against Jackson for the amount found to be due on the contract.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.