ROSSMAN *v.* HUTCHINSON.

1. HUSBAND AND WIFE—JOINT OBLIGATIONS—CONSIDERATION—LIA-
BILITY OF PROPERTY TO EXECUTION.

Statute providing that realty owned by husband and wife by the
entirety and personalty owned by them jointly with right of
survivorship be subject to execution for satisfaction of joint
obligations abrogated the common-law disabilities of married
women and gave the wife the power to contract as a joint
debtor with her husband without the necessity of a special con-
sideration running to her alone, hence since entirety property is
liable to execution for their joint debts a joint judgment ren-
dered thereunder . against them may be satisfied out of any
entirety property held by them (3 Comp. Laws 1929, § 13062
*et seq.*).

2. SAME—JOINT OBLIGATION—CONSIDERATION.

Any ordinary consideration will support a joint obligation of a
husband and wife and it need not be a benefit to the wife or her
estate, nor even a benefit to the entireties estate (3 Comp. Laws
1929, § 13062 *et seq.*).

3. SAME—JOINT OBLIGATION—ENTIRETY REALTY.

Subject to homestead exemption and valid interests of third par-
ties the realty owned by a husband and wife by the entirety
may be resorted to for the payment and discharge of their obli-
gation on a joint note (3 Comp. Laws 1929, § 13062 *et seq.*).

4. FRAUDULENT CONVEYANCES—GOOD FAITH GRANTEE—CONSIDERATION.

A grantee under a deed who advances money to grantors, without
fraudulent intent upon his part, has a right to rely upon the
deed as security for the repayment of the money so advanced
even though the consideration for the conveyance was less than
a fair one (3 Comp. Laws 1929, § 13400).

5. SAME—PREFERENCE ACCORDED CREDITORS.

A debtor in failing circumstances has a right to prefer one credi-
tor over another in giving security or conveying property in the
satisfaction of his obligations (3 Comp. Laws 1929, § 13400).

6. MORTGAGES—DEEDS ABSOLUTE IN FORM.

A deed absolute in form may be shown to be a mortgage.

7. SAME—DEEDS—EQUITY.

If a deed, absolute in form, is given as security, it will be considered in equity as a mortgage.

8. SAME—DEFEASANCE CLAUSE IN DEED.

It is not necessary there be a defeasance clause in writing either in the deed or in a separate instrument in order to constitute the deed a mortgage or security for the repayment of money advanced.

9. SAME—DEEDS—CHATTEL MORTGAGES—BILLS OF SALE—INTENT.

Parol evidence is admissible in an action at law to show that a deed or bill of sale, absolute on its face, was intended by the parties thereto to operate as a mortgage.

10. SAME—DEEDS—HOMESTEADS.

A valid absolute conveyance of real estate would operate to bar any claim of homestead rights therein by grantors whereas if instrument be treated as a mortgage merely, their homestead rights would attach.

11. ESTOPPEL—USE OF SECURITIES BY ANOTHER TO DECEIVE BANK EXAMINER.

One who permits the use of his securities by another as collateral to a bank loan in order to deceive the national bank examiners cannot rescind the loan and recover the securities as against the receiver of the bank who seeks recourse against such securities for the benefit of creditors.

12. SAME—USE OF LOANED SECURITIES—FRAUD UPON BANK EXAMINER AND PUBLIC.

One who lends securities to mislead the bank examiner and the public as to the condition of a bank is in no position to reclaim such securities as against those who relied, and had a right to rely, upon the apparent fact they belonged to the borrower.

13. SAME—LOSS FALLING ON TWO EQUALLY INNOCENT PERSONS—OWNER OF SECURITIES HYPOTHECATED FOR ANOTHER'S LOAN—BANK CREDITORS.

If one of two persons equally innocent must suffer from an injury, the loss must fall upon the one who made the injury possible, hence where it is assumed that one who loaned her securities to borrowers from a bank in good faith and such

securities were hypothecated with the bank so as to avoid criticism of it by examiners and creditors of the bank are also assumed to have acted in good faith in reliance upon the financial statement of the bank and the loan for which they are used as security is otherwise unpaid, the loss falls upon the owner of the securities.

14. TRIAL—PLEADING—ADMISSIONS—EVIDENCE—HOMESTEAD.

It was unnecessary to introduce testimony in relation to claim of defendants to a homestead interest in premises involved in bank receiver's suit to set aside conveyance by defendant grantors to grantee as a fraud upon grantors' creditors where bill and answer admit that grantors are now living thereon and that grantee never took possession.

15. HOMESTEAD—EXEMPTION—FRAUDULENT CONVEYANCES.

Since one's homestead is exempt from the claims of all of his creditors there can be no fraudulent disposition of a homestead, even though the homestead be worth more than $1,500 as in that case the exemption is to be preserved and set off to debtor in manner prescribed by statute (3 Comp. Laws 1929, §§ 14608, 14610–14616).

16. FRAUD—PRESUMPTIONS—EVIDENCE.

Fraud will not be presumed, but must be proved.

17. FRAUDULENT CONVEYANCES—DEED ABSOLUTE IN FORM—SECURITY PRO TANTO.

Deed, given grantee for less than a fair consideration for premises involved, will not be given effect as a deed absolute in character in suit by receiver of payee bank to whom grantors were indebted on a note to set deed aside but will stand as security for the repayment to grantee of sum loaned by him in the absence of proof of an actual fraudulent intent upon his part.

Appeal from Jackson; Williams (Benjamin), J. Submitted April 14, 1939. (Docket No. 51, Calendar No. 40,461.) Decided July 6, 1939.

Bill by Reuben H. Rossman, receiver of the Union & People's National Bank of Jackson, against Ed. T. H. Hutchinson and wife and Joseph Hutchinson for an accounting and money decree, to set aside a con-

veyance of real estate, and for an injunction. Mary C. Kerschner intervened as a party defendant and by cross bill against plaintiff sought to require the delivery of certain bonds, an accounting and other relief. Decree for plaintiff. Defendants and intervener appeal. Modified and affirmed.

*Elmer Kirkby* (*Whiting & Kleinstiver* and *Walter Kirkby,* of counsel), for plaintiff.

*Bisbee, McKone, Badgley & Kendall,* for defendants and intervener.

POTTER, J.    Plaintiff, as receiver of the Union & People's National Bank, of Jackson, a national banking association, filed the bill of complaint herein under the uniform fraudulent conveyance act, 3 Comp. Laws 1929, §§ 13392–13405 (Stat. Ann. §§ 26.881–26.894) ; for an accounting with defendants; for a money judgment against defendants Edwin T. H. Hutchinson and Bessie E. Hutchinson, husband and wife, on certain promissory notes given by them to the bank; to set aside a deed given by defendants Edwin T. H. Hutchinson and Bessie E. Hutchinson, husband and wife, to defendant Joseph Hutchinson; and to subject the property conveyed by them to him to the payment of the judgment to be recovered.

Defendant Edwin T. H. Hutchinson borrowed money from the People's National Bank and from the National Union Bank & Trust Company, banking institutions in the city of Jackson, giving to each his personal notes which were at first secured by his own collateral. Other loans were made by each bank on notes signed by Bessie E. Hutchinson, his wife. Edwin T. H. Hutchinson was the sales manager for the Sparks-Withington Company, of Jackson, and was frequently out of the city. He and his

wife claim the notes signed by Mrs. Hutchinson were given to secure loans made by the banks to Mr. Hutchinson; that he received the money on such loans and that Mrs. Hutchinson signed the original notes, or the renewals thereof, because he was out of town. Some of these notes were replaced by notes signed by him and others remained in her name. Plaintiff claims two distinct lines of credit were established, one to defendant Edwin T. H. Hutchinson, and another to Mrs. Hutchinson for her own use. All loans made were secured by collateral.

Mary Kerschner, intervening defendant and appellant, is an aunt of Mrs. Hutchinson. She also had loans at both banks, which were secured by collateral. The bank requested additional security for Mr. Hutchinson's loans. The Hutchinsons had no more collateral and a transfer of some of Mrs. Kerschner's collateral was made further to secure the Hutchinson loans. Mrs. Hutchinson had access to Mrs. Kerschner's safety deposit box where some of her securities were kept, and the evidence indicates that all withdrawals therefrom by Mrs. Hutchinson were approved by Mrs. Kerschner. The dispute arises over the arrangement claimed to have been made with the bank as to how these securities should be held and treated by the bank. Defendants claim such securities were hypothecated by Mrs. Hutchinson as collateral to the Hutchinson loans to deceive the national bank examiners who had complained there was insufficient collateral to secure the repayment of the Hutchinson loans on file. Defendants presented in evidence a letter written to Mrs. Kerschner by the National Union Bank & Trust Company relative to the turning over of three of Mrs. Kerschner's bonds in which the bank stated it did not intend to sell her bonds and indicated the collateral was temporarily borrowed. Defendants

stress the fact that with one exception Mrs. Kersch-
ner did not sign any hypothecation blank although
this was the usual practice of the bank. Signatures
of Mary C. Kerschner were secured on stock and
bond powers in connection with some of her bonds
which had been hypothecated as collateral to the
Hutchinson loans, but Mrs. Kerschner testified she
believed she was merely signing papers to identify
the bonds, and the trial court refused to admit the
alleged bond powers. The income from the bonds of
Mrs. Kerschner was at all times turned over to her
and the proceeds from the sale of defaulted bonds
given to her or transferred to her credit. All the
officers and some employees of both banks denied
making any such arrangement with Mrs. Kerschner
and the Hutchinsons as claimed by them. They al-
leged Mrs. Kerschner's collateral was hypothecated
as security for the Hutchinson loans in the usual
and ordinary manner that securities are pledged as
collateral to bank loans. The receiver asserts no
such arrangement as claimed by Mrs. Kerschner
was ever made or ever existed; that the burden of
proof to establish her claim is upon Mrs. Kerschner;
and, even though such an arrangement was made, it
is unenforceable because beyond the power of the
bank officers, void as against public policy and un-
enforceable; and that Mrs. Kerschner, as intervener,
does not come into court with clean hands.

The testimony about the deed of the real estate
from Edwin T. H. Hutchinson and wife to Joseph
Hutchinson is not entirely satisfactory. Joseph
Hutchinson was not produced in court as a witness,
nor was his testimony taken by deposition. It is not
disputed that at the time of trial he was physically
weak and mentally deranged. The testimony indi-
cates that in 1926 Joseph Hutchinson loaned $1,000
to his son and wife for which they signed a written

acknowledgment and upon which they agreed to pay him interest; that in 1927 he loaned them another $1,000 for which they gave him a written obligation to pay, with interest. Mrs. Hutchinson says this money was used to remodel and repair the house. The record indicates they paid him interest upon these loans by check from time to time. The deed made by them to him was dated in 1930, prepared in 1932, and acknowledged and recorded in 1933, at which time internal revenue stamps in the amount of $2, indicating a consideration for the deed of $2,000, were affixed thereto. The testimony as to the loan by Joseph Hutchinson to his son and wife of from $1,500 to $1,700 to pay interest on indebtedness to the bank is indefinite as to the amount loaned, the time loans were made, whether such loans formed a part of the consideration for the deed, or that their repayment was intended to be secured thereby. There is no written evidence such loans were made, no proof in writing of how the money was paid by Joseph Hutchinson to his son and wife, or how the money, if loaned, was applied by them. Though the testimony of defendant Edwin T. H. Hutchinson that his father loaned from $1,500 to $1,700 to him, and that he used the money, is undisputed, we find no testimony that the repayment of this money was to be secured by the deed in question.

There is no written defeasance indicating the deed was intended as security, nor do the pleadings set up that the deed was given as security. The property in question was worth from $10,000 to $12,000. Defendant Joseph Hutchinson was not sworn as a witness. He is along in years and for five to seven years has been an invalid physically and, it is claimed, mentally. Edwin T. H. Hutchinson and Bessie E. Hutchinson are individually and jointly insolvent

and have been since 1930. Aside from the collateral security, plaintiff has no means of collecting his judgment unless the deed in question is set aside and, if set aside, the value of collateral, plus the fair value of the real estate, will undoubtedly leave a considerable deficiency still due plaintiff.

The Union & People's National Bank which plaintiff represents as receiver is a consolidation of the two banks holding defendants Edwin T. H. Hutchinson and Bessie E. Hutchinson's notes. The loans of each were combined when the banks consolidated. In February, 1931, defendants Mr. and Mrs. Hutchinson were requested to furnish to the consolidated bank a financial statement. Mrs. Hutchinson testified she went to see an officer of the bank, claiming she could not make an individual statement because it was not her loan but that of her husband. Eventually a joint financial statement was furnished listing all the individual and joint property of Mr. and Mrs. Hutchinson. The statement also included as bonds up for collateral $16,000 worth of Mrs. Kerschner's bonds which were indicated as the property of the Hutchinsons. No reference was made in this financial statement to any obligation owing to Joseph Hutchinson. On the contrary, the house and lot in question were valued at $22,000 and were shown on the financial statement as being free of any lien or incumbrance. No reference was made to the securities claimed to have been borrowed from Mrs. Kerschner. After this statement, the loans of Mr. and Mrs. Hutchinson were consolidated into a joint note for $57,632, signed by both of them, and renewals were executed from time to time, each of said renewal notes being signed jointly. Defendants Edwin T. H. Hutchinson and wife were pressed on this obligation for payment and negotiations resulted in a decrease of the interest rate to three per

cent. The president of the bank testified real estate mortgage security was requested of them but not given. There is no dispute as to the individual liability of Edwin T. H. Hutchinson on his personal note in the amount of $759.23, nor his liability on the joint note for $54,221.15. Plaintiff contends Mrs. Hutchinson is also individually liable upon the $54,221.15 note, consideration having moved to her on her individual notes; that Mr. and Mrs. Hutchinson are jointly and severally liable on the joint notes and plaintiff seeks to enforce such liability against the real estate in question which is held by the defendants Edwin T. H. Hutchinson and wife as tenants by the entirety.

Plaintiff further contends the deed is not entitled to be considered as a mortgage, but is fraudulent and void as to plaintiff and should be set aside, all parties thereto being deemed to have participated in fraud and that the lands described should be subjected to levy on execution issued on a joint judgment against defendants as property held by them by the entirety.

The trial court found Mrs. Hutchinson jointly liable with her husband on the note in question, construed the conveyance of the real estate from Edwin T. H. Hutchinson and wife to Joseph Hutchinson as an absolute deed and not as a mortgage; found it should be set aside under the fraudulent conveyance act; and also held that Mrs. Kerschner failed to prove her alleged agreement relative to the collateral belonging to her which was pledged and that, even if such an arrangement were shown, it would be unlawful and unenforceable. Defendants appeal.

Appellants contend Act No. 158, Pub. Acts 1917, as amended by Act No. 287, Pub. Acts 1929 (3 Comp. Laws 1929, § 13062 *et seq.* [Stat. Ann. § 26.181 *et seq.*]), does not render property held by the en-

tirety liable for notes signed by the husband and wife where the wife received no consideration to her separate or joint estate and the loan was not made in reliance upon such joint holdings or for the benefit of the joint holdings; that insolvent debtors may convey joint property occupied as a homestead to a creditor for an inadequate consideration, or less than a fair consideration, and such conveyance is not voidable under the fraudulent conveyance act if the grantee had no actual intent to defraud; and that a woman unskilled in business who has parted with securities at the suggestion of bank officers and the request of others on the understanding they are to be placed in the file of others to improve the appearance of the collateral to a loan to them, and be returned to her, and the proceeds of some of the securities are returned to her, may reclaim the balance of such securities.

Appellee contends the deed in question from defendants Edwin .T. H. Hutchinson and Bessie E. Hutchinson to Joseph Hutchinson is fraudulent and void as against the creditors of the bank; that such deed was not intended as a mortgage; that defendants Edwin T. H. Hutchinson and Bessie E. Hutchinson, husband and wife, are liable under Act No. 158, Pub. Acts 1917, as amended by Act No. 287, Pub. Acts 1929, above mentioned, and that the Kerschner securities may be liquidated by plaintiff for the benefit of the creditors of the bank.

The rule formerly in force in this State was that the contract of a married woman, to be binding upon her, must have related to her sole and separate estate, be a contract in her own interest, for her own benefit. *McPherson* v. *Gregory,* 271 Mich. 580. There grew up a demand for a modification of the old rule so as to make property held by husband and wife jointly liable for their joint obligations. Act No.

158, Pub. Acts 1917, was passed, and by section 3 of that act as amended it is provided:

"Hereafter the real estate of the husband and wife owned by them as tenants by entirety, or the real estate acquired by either as survivor of the other, or in the event of divorce the interest of either in real estate which was previously owned by them as tenants by the entirety, shall be liable to seizure and sale on execution, and all personal property and choses in action owned by husband and wife jointly with right of survivorship therein, shall be subject to writ of garnishment and all other process provided by law, in satisfaction of any judgment which has been recovered against the persons who were at the time of the execution of such written instrument husband and wife jointly or the survivor upon any instrument signed by both. In case the wife is the survivor, or in case the husband and wife have been divorced prior to the recovery of the judgment, a judgment against the wife may be satisfied only out of such property." (3 Comp. Laws 1929, § 13064 [Stat. Ann. § 26.183].)

This statute has been frequently construed. *Warren Webster & Co.* v. *Pelavin,* 241 Mich. 19; *Kies* v. *Walworth,* 250 Mich. 34; *Edwards & Chamberlin Hardware Co.* v. *Pethick,* 250 Mich. 315 (82 A. L. R. 1232); *Duncan* v. *Kirker,* 252 Mich. 353; *Ehinger* v. *Fiske,* 261 Mich. 240; *Wilmarth* v. *Buys,* 263 Mich. 285; *Montz* v. *Reutter,* 268 Mich. 357; *Windmill Point Land Co.* v. *Jackson,* 269 Mich. 50; *McPherson* v. *Gregory, supra; New York Life Ins. Co.* v. *Erb,* 276 Mich. 610; *Kolakowski* v. *Cyman,* 285 Mich. 585.

The statute gives to a wife the power to contract as a joint debtor with her husband without the necessity of special consideration running to her alone. *Kies* v. *Walworth, supra.*

"Act No. 158, Pub. Acts 1917, abrogated the common-law disabilities of married women to contract,

in the respect of enabling them to become jointly liable with their husbands on written instruments and thereby subjecting to execution property held by the entireties." *Montz* v. *Reutter, supra.*

Entireties property is liable to execution for joint debts of husband and wife by virtue of Act No. 158, Pub. Acts 1917, as amended by Act No. 287, Pub. Acts 1929 (3 Comp. Laws 1929, § 13062 *et seq.* [Stat. Ann. § 26.181 *et seq.*]). A joint judgment rendered under this statute against husband and wife may be satisfied out of any property held by the husband and wife by the entireties. *Kolakowski* v. *Cyman, supra.*

"Any ordinary consideration will support this joint contract. It need not be a benefit to the married woman or her estate, nor even a benefit to the entireties estate. See *Montz* v. *Reutter,* 268 Mich. 358, where a joint contract to repay a personal loan to the husband was upheld; *Greening* v. *Wallace,* 257 Mich. 343, where a joint promissory note was given in renewal of defective notes previously given by the husband and wife. * * * *Kies* v. *Walworth,* 250 Mich. 34, where a joint note was given in consideration of the release of a mortgage on entireties property; and *McDougall* v. *Henderson,* 260 Mich. 71, where the contract was for the joint purchase of land." Prof. Raymond Van Syckle, in 5 Detroit Law Review, pp. 69, 79.

The $54,221.15 obligation sued upon here was the undertaking on the part of both the husband and the wife, and any real estate owned by them by the entireties may be resorted to for the payment and discharge of such obligations, subject to the exceptions hereinafter noted.

It is claimed defendants Edwin T. H. Hutchinson and Bessie E. Hutchinson gave a deed to the father of Edwin T. H. Hutchinson, Joseph Hutchinson, of the premises used and occupied by the parties, in the

city of Jackson, as a homestead; that Joseph Hutchinson had advanced $3,500 to $3,700 to his son; that $2,000 of this money went into improvement of the property in question, and that from $1,500 to $1,700 was used to pay interest upon indebtedness to the bank; and that nothing was paid back to defendant Joseph Hutchinson. The trial court said:

"There can be no question under the proofs that the deed rendered the grantors, Ed. T. H. Hutchinson and Bessie E. Hutchinson, insolvent, and was without fair consideration. Under the uniform fraudulent conveyance act (3 Comp. Laws 1929, §§ 13393, 13394 [Stat. Ann. §§ 26.882, 26.883]) it was fraudulent as to creditors (3 Comp. Laws 1929, § 13392 [Stat. Ann. § 26.881]) without regard to actual intent (3 Comp. Laws 1929, § 13395 [Stat. Ann. § 26.884]). It should be set aside as a conveyance in fraud of creditors."

Defendants contend it should not be so set aside.

Assuming that Joseph Hutchinson advanced from $3,500 to $3,700 in money to his son and took the deed in question of the lands and premises used and occupied by them for a homestead, worth much more than the advancements, the question is, whether the trial court was right in setting aside this deed.

Act No. 310, § 9, Pub. Acts 1919 (3 Comp. Laws 1929, § 13400 [Stat. Ann. § 26.889]), the uniform fraudulent conveyance act, provides:

"Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person *except a purchaser for fair consideration without knowledge of the fraud* at the time of the purchase, or one who has derived title immediately or mediately from such purchaser;

"(a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

"(b) Disregard the cónveyance and attach or levy execution upon the property conveyed.

"(2) A purchaser who *without actual fraudulent intent* has given less than a fair consideration for the conveyance or obligation, *may retain the property or obligation as security for repayment.*"

Assuming Joseph Hutchinson acted in good faith in advancing the money advanced by him, without fraudulent intent upon his part, even though the consideration for the conveyance was less than a fair consideration, he had a right to rely upon the deed as security for the repayment of the money so advanced by him.

The statute is in accordance with the law in force here for many years, *viz:* that a debtor in failing circumstances has a right to prefer one creditor over another in giving security or conveying property in the satisfaction of his obligations. *How* v. *Camp,* Walk. Ch. (Mich.) 427; *People, for use of Harrington,* v. *Bristol,* 35 Mich. 28; *Jordan* v. *White,* 38 Mich. 253; *Johnson* v. *Stellwagen,* 67 Mich. 10; *Beckman* v. *Noble,* 115 Mich. 523; *Michigan Trust Co.* v. *Comstock,* 130 Mich. 572; *Thompson* v. *Newland,* 144 Mich. 595; *Harnau* v. *Haight,* 209 Mich. 604; *Fremont State Bank* v. *Old State Bank,* 240 Mich. 18; *In re United Fuel & Supply Co.,* 250 Mich. 325; *Hartford Accident & Indemnity Co.* v. *Jirasek,* 254 Mich. 131.

A deed absolute in form may be shown to be a mortgage. *Kellogg* v. *Northrup,* 115 Mich. 327; *Ruch* v. *Ruch,* 159 Mich. 231. And if the deed, though absolute in form, is given as security, it will be considered in equity as a mortgage. *Wadsworth* v. *Loranger,* Harr. Ch. (Mich.) 113; *Emerson* v. *Atwater,* 7 Mich. 12; *Cowles* v. *Marble,* 37 Mich. 158; *Hurst* v. *Beaver,* 50 Mich. 612; *McMillan* v. *Bissell,* 63 Mich. 66; *Kerschensteiner* v. *Northern Michigan Land Co.,* 244 Mich. 403.

It was not necessary there be a defeasance clause in writing either in the deed or in a separate instrument in order to constitute the deed a mortgage or security for the repayment of money advanced.

"Mortgages and conveyances intended to operate as mortgages are generally given by the necessitous to the more opulent, the debtor to the creditor, the borrower to the lender, the suppliant for favor to him who has power to make the terms upon which it shall be granted. The man whose property is about to be sacrificed by a creditor will not hesitate in regard to the amount of security to be given nor the manner of giving it, if he can loan the money to satisfy the debt, or otherwise gain time for its payment. He will not hesitate to execute a deed or bill of sale, absolute upon the face of it, but intended to operate as a mortgage, to four times the value of the loan, without insisting upon a written deed of defeasance. To hold that parol evidence is inadmissible to show the intent that the instrument should operate as a mortgage would enable the selfish and unfeeling creditor or money lender to gratify his avarice, by violating the plainest principles of common honesty with entire impunity. On the other hand, its admission does no injustice to the creditor, but secures to him the full amount which is his due. He loses nothing, but is only prevented from taking that to which in right and justice he has no claim. Admitting that this constitutes an exception to a general rule, based upon the soundest principles of jurisprudence, what great danger is to be apprehended from it? It has long been familiar to courts of equity at least, and is of as safe and easy application in courts of law, organized as our courts now are." *Fuller* v. *Parrish,* 3 Mich. 211, 217.

The rule thus stated by Presiding Justice GREEN has continued as the rule for 85 years.

If the deed from Edwin T. H. Hutchinson and wife to Joseph Hutchinson was a valid deed convey-

ing absolute title, then Edwin T. H. Hutchinson and wife parted with all interest in the premises and are not entitled to a homestead therein. If the deed stands as security merely, their homestead rights attached.

If defendants' contention is true that Mrs. Kerschner, having securities in her own right and desiring to assist the Hutchinsons, lent her securities to them to hypothecate with the bank as additional security for their loans so the bank would not be criticized by the national bank examiners for carrying the loan with insufficient collateral and financially embarrassed by being compelled to charge these loans off, such securities were so used by her consent and the national bank examiners deceived as to the true ownership of the collateral to the loans of defendants Edwin T. H. Hutchinson and Bessie E. Hutchinson which actually belonged to Mrs. Kerschner but apparently belonged to the defendants Hutchinson. If Mrs. Kerschner lent her securities to the bank for the purpose of aiding the bank to pass a creditable examination by the national bank examiners, which it could not otherwise have done, creditors of the bank had a right to rely upon the authenticity, correctness and integrity of the transaction, and plaintiff, as receiver, has a right to have recourse against such securities for the protection of the creditors of the bank whom he represents in the liquidation of the assets of the bank. One who permits the use of his securities by another as collateral to a bank loan in order to deceive the national bank examiners cannot rescind the loan and recover the securities as against the receiver of the bank who seeks recourse against such securities for the benefit of creditors. One who lends securities to mislead the bank examiner and the public as to the condition of a bank is in no position to reclaim such securities

as against those who relied, and had a right to rely, upon the apparent fact they belonged to the borrower. *Parker* v. *Parker*, 287 Mich. 49. Assuming Mrs. Kerschner acted in good faith and a loss resulted, the creditors of the bank must be assumed to have acted in good faith in reliance upon the financial statement of the bank, and if one of two persons equally innocent must suffer from an injury, the loss must fall upon the one who made the injury possible.

Counsel for appellants insist defendants Edwin T. H. Hutchinson and Bessie E. Hutchinson in any event are entitled to the benefit of the homestead exemption in the lands and premises involved. The bill of complaint alleges in relation to the deed made by Edwin T. H. Hutchinson and Bessie E. Hutchinson, his wife, to Joseph Hutchinson "that since making the aforementioned pretended conveyance, the defendants Ed. T. H. Hutchinson and Bessie E. Hutchinson have continued and are now living upon the lands and premises therein described and the defendant Joseph Hutchinson has never taken possession or occupied said lands and premises."

These allegations in the bill of complaint are not disputed.

The answer of Edwin T. H. Hutchinson and Bessie E. Hutchinson admits "that since the execution of said conveyance they have lived and are now living upon said property and that defendant Joseph Hutchinson has never taken possession of or occupied said property." Under such circumstances, it was not necessary to introduce testimony in relation to the claim of defendants Edwin T. H. Hutchinson and Bessie E. Hutchinson to a homestead interest in the lands and premises involved.

Homesteads are defined by statute. 3 Comp. Laws 1929, § 14608 (Stat. Ann. § 27.1572). Though a

homestead may exceed in value $1,500, the debtor for that reason shall not lose the benefit of the homestead exemption. 3 Comp. Laws 1929, § 14615 (Stat. Ann. § 27.1579). But such homestead exemption shall be preserved and set off as prescribed by 3 Comp. Laws 1929, §§ 14610–14616 (Stat. Ann. §§ 27.1574–27.1580), it being the rule in this State that one's homestead is exempt from the claims of all his creditors. As to the homestead, there can be no creditors; and there can be no fraudulent disposition of a homestead. *Kleinert* v. *Lefkowitz,* 271 Mich. 79. So far as the homestead is concerned, it was not held in fraud of creditors.

There is no proof Joseph Hutchinson, in accepting the deed in question, had any "actual fraudulent intent." Fraud will not be presumed, but must be proved. *Steele* v. *Shaffer,* 241 Mich. 632; *Krolik* v. *Lang,* 187 Mich. 286; *Raymond* v. *McKenna,* 147 Mich. 35; *Brown* v. *Dean,* 52 Mich. 267; *Robert* v. *Estate of Morrin,* 27 Mich. 306. In the absence of proof, such "actual fraudulent intent," under the facts, must be taken as not existing. The deed in question to Joseph Hutchinson, though absolute in form, was given for less than a fair consideration. It will not be given effect as a deed absolute in character, but will stand as security for the repayment to him of $2,000. Defendants Edwin T. H. Hutchinson and wife are entitled to a homestead in the premises to be set off to them.

A decree will be entered for appellants modifying as above indicated that of the trial court, with costs to appellants. In all other respects, the decree of the trial court is affirmed.

Butzel, C. J., and Bushnell, Sharpe, Chandler, North, and McAllister, JJ., concurred. Wiest, J., concurred in the result.